# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LISA POWERS and
A.P.,

      Plaintiffs,

v.                                                                                     No. 1:19-cv-00418-JAP-SCY

SYLVIA LAMAR,
STATE OF NEW MEXICO ATTORNEY GENERAL,
SANTA FE DISTRICT ATTORNEY'S OFFICE, and
SANTA FE SHERIFF'S OFFICE,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

On May 7, 2019 Plaintiff filed Plaintiffs' Complaint and Request for Injunction, Doc. 1, ("Complaint"), and Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, ("Application"). Plaintiff Lisa Powers ("Plaintiff") is proceeding *pro se* on her behalf and on behalf of her son, A.P.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income is approximately $360.00; (ii) Plaintiff is unemployed; (iii) Plaintiff's monthly expenses total approximately $1,633.00; (iv) Plaintiff has $5.00 in cash and no money in bank accounts; and (v) Plaintiff's son, A.P., relies on Plaintiff for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because her monthly expenses exceed her monthly income, she is unemployed, and she has only $5.00 in cash.

**The Complaint**

Plaintiff alleges that Defendants' "harassment & rights violations have resulted in physical injuries sustained by police, prevented all employment for a year plus, the inability to rent or obtain suitable housing, the endangerment of my son." Complaint at 3. Plaintiff asserts that Defendants Lamar and Santa Fe Sheriff's Office conspired to deprive Plaintiff of her due process and equal protection rights, but Plaintiff does not allege specific facts regarding the alleged conspiracy. *See* Complaint at 5, 9. In addition to federal due process, equal protection and cruel and unusual punishment claims, Plaintiff asserts the following state-law claims: "intentional infliction of emotional harm, pain & anguish resulting from rights violations, false imprisonment, legal & judicial harassment & misconduct, violations of NM victim's rights, loss of employment 48000 per yr, infliction of intentional economic disadvantaged, loss of personal enjoyment, terror &

intimidation." Complaint at 11. Plaintiff seeks the following relief: "expungement of all charges, financial restitution to cover housing, food & to obtain legal counsel not in conflict w/ the case." Complaint at 11.

**Plaintiff's Son, A.P.**

The Court will dismiss the claims Plaintiff asserts on behalf of her son, A.P., because "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

**Defendant Lamar**

Defendant Lamar is a New Mexico district court judge. Plaintiff alleges that Defendant Lamar had a conflict of interest when issuing orders regarding Plaintiff because Plaintiff had dated Defendant Lamar's son. *See* Complaint at 5. Plaintiff also alleges that because of Defendant Lamar's orders, Plaintiff has been falsely charged and arrested, has lost custody of her son, and has been left homeless. *See* Complaint at 5.

The Court will dismiss Plaintiff's civil rights claims against Defendant Lamar. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

**Defendants State of New Mexico Attorney General and Santa Fe District Attorney's Office[1]**

Plaintiff asserts the following claim against the State of New Mexico Attorney General:

---

[1] Plaintiff appears to be referring to the First Judicial District Attorney's Santa Fe County Office. *See* https://www.1stjda.com/about

3

> The State of New Mexico has failed on multiple occassions [sic] to prevent or stop their entities from acting in such subversive & illegal ways. Multiple reports were made to the Attorney General's Office regarding these conduct issues but no relief was had. The State itself contradicts & violates my 5th Amendment rights to Due Process, to be free of self incrimination, to have effective counsel.

Complaint at 7. Plaintiff states that after her first public defender was removed from the case, she had to make dozens of calls and had to wait three weeks until a new public defender was assigned to her case. *See* Complaint at 7. Plaintiff alleges that "[t]he multiple interferences with counsel has caused tremendous fear & duress as any counsel that has provided or tried to provide favorable or exonerating defenses has been immediately replaced w/ no explanation & one having been placed in witness protection." Complaint at 7-8.

Plaintiff alleges that the Santa Fe District Attorney's Office maliciously prosecuted her, failed to provide exculpatory evidence, allowed exonerating evidence to be suppressed or destroyed, and is unjustly biased. *See* Complaint at 9.

The Court concludes that it lacks subject matter jurisdiction over Plaintiff's federal civil rights claims against the State of New Mexico Attorney General and the Santa Fe District Attorney's Office. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege that the State of New Mexico waived its Eleventh Amendment immunity.

"It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).

**Defendant Santa Fe Sheriff's Office[2]**

Plaintiff alleges that the Santa Fe Sheriff's Office failed to provide equal protection, destroyed evidence, invaded her privacy "by staging survelliance [sic] at my home," falsified charges, and conspired with two judges to have her arrested. Complaint at 10.

The Court will dismiss the claims against the Santa Fe Sheriff's Office because it is not a separate suable entity. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

**Conspiracy**

The Court will dismiss Plaintiff's claims that Defendants conspired to deprive her of her civil rights because she has not alleged specific facts showing agreement and concerted action among Defendants. *See Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 533 (10th Cir.1998) (quoting *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir.1994)) ("a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants" because "'[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.'").

---

[2] Plaintiff appears to be referring to the Santa Fe *County* Sheriff's Office. *See* http://www.co.santa-fe.nm.us/sheriff.

**Dismissal of Proceedings** *In Forma Pauperis*

Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Court will dismiss Plaintiff's civil rights claims under 42 U.S.C. § 1983 for failure to state a claim.

Having dismissed all of Plaintiff's federal law claims, the Court declines to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . .the district court has dismissed all claims over which it has original jurisdiction").

**IT IS ORDERED** that:

(i) Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 7, 2019, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**